UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| KATY SMITH Individually and as Next Friend of JANE DOE, a Minor, § § § § § § § § § § § § | |
| Plaintiffs, | |
| v. | SA-22-CV-1051-FB (HJB) |
| COMAL INDEPENDENT SCHOOL DISTRICT, | |
| Defendant. | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Fred Biery:**

This Report and Recommendation concerns Plaintiffs' Answer to Show Cause and Motion for Leave to File Amended Petition. (Docket Entry 34.) Pretrial matters in this case have been referred to the undersigned for consideration. (*See* Docket Entry 18.) For the reasons set out below, I recommend that the Plaintiffs' motion (Docket Entry 34) be **DENIED**, and that Plaintiffs' case be **DISMISSED WITH PREJUDICE**.

**I.      Jurisdiction.**

Plaintiffs' original complaint presented claims under Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681, *et seq.*, 42 U.S.C. § 1983, as well as a state law claim. (*See* Docket Entry 1, at 8–12.) The Court has original jurisdiction over federal claims pursuant to 28 U.S.C. § 1331, and it may exercise supplemental jurisdiction over state claims pursuant to 28

U.S.C. § 1367.  I have authority to issue this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).[1]

## II.    Background.

Resolution of Plaintiffs' motion requires a short recounting of the allegations giving rise to this case, and—unfortunately—a lengthier exegesis of the case's procedural history.

*Plaintiffs' allegations.*  Plaintiff Katy Smith was a physical education teacher at Defendant Comal Independent School District ("CISD") where her four-year-old daughter, Plaintiff Jane Doe, was a student.  (Docket Entry 1, at ¶ 1.)

On October 13, 2021, while Jane Doe remained at school after hours with her mother, an incident occurred between Jane Doe and a student enrolled in the special education program ("the Special Education Student" or "the Student"), who was eight.  (Docket Entry ¶¶ 1, 16.)  The Special Education Student was participating in Defendant's afterschool program.  (*Id.* at ¶ 16.)  Plaintiffs allege that the Special Education Student stopped Jane Doe on the way to the gym bathroom, removed Jane Doe's toys from her hands, and maneuvered Jane Doe into the bathroom.  (*Id.* at ¶ 10.)  After Jane Doe entered a bathroom stall and shut the door, the Student crawled under the door into Jane Doe's stall.  (*Id.* at ¶ 11.)  The Student then "told Jane Doe that Jane Doe needed to defecate and allow [the Student] to wipe her."  (*Id.* at ¶ 12.)  Jane Doe told the Student that she did not need help, but the Student insisted and then physically forced her; the Student "touched Jane Doe's anus, wiping it."  (*Id.* at ¶¶ 12, 13.)

---

[1] Although the undersigned has authority under § 636(b)(1)(A) to "hear and determine any pretrial matter pending before the court," including a motion for leave to amend the complaint, the undersigned addresses Plaintiffs' motion by Report and Recommendation since denial of the motion could have a dispositive effect in this case.  *See* FED. R. CIV. P. 72.

Plaintiffs allege that the Student was unsupervised for approximately 40 minutes and wiped at least one other child. (Docket Entry 1, at ¶¶ 14, 16.) They further allege that the Student "has a history of masturbating in front of students and … has had multiple issues in the past." (*Id.* at ¶ 3.) According to Plaintiffs, the school district was aware of the Student's prior conduct, but the afterschool program staff were either "not trained or noti[fied]" about the Student's tendencies, or else they did know "about them and still allowed her to be absent for an extended period of time." (*Id.* at ¶ 18.) Plaintiff Smith went through the school district's grievance process; at a grievance hearing, the school board voted 6 to 1 against finding the administration at fault. (Docket Entry 1, at ¶ 7.) According to the Determination of Responsibility from School District Assistant Superintendent Corbee Wunderlich, the conduct of the Student "was certainly not appropriate," but there was "insufficient evidence to support a determination that the conduct at issue was sexual in nature." (Docket Entry 1-1, at 6.)

***Procedural history.*** Plaintiffs filed suit on September 27, 2022, asserting federal claims under Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681, *et seq.*, and 42 U.S.C. § 1983, as well as a state law claim. (*See* Docket Entry 1, at 8–12.) Defendant moved to dismiss all of these claims. (Docket Entry 9.) The case was referred to the undersigned, who recommended that Defendant's motion be granted, but that Plaintiffs be given an opportunity to amend their Title IX claim. (Docket Entry 21, at 10.) As the Report and Recommendation made clear, Plaintiffs had failed to allege sufficient facts to meet two elements of their Title IX claim: (1) that the alleged harassment was based on the victim's sex; and (2) that the alleged harassment was severe or pervasive. (*Id.* at 6–8.)

No objections were filed to the Report and Recommendation, and the District Court adopted it, ordering Plaintiffs to file an amended complaint by September 12, 2023. (Docket Entry

3

22, at 2.) The Court warned Plaintiffs that, if no amended complaint were filed by the required date, the Title IX claim would be dismissed with prejudice. (*Id.*)

Plaintiffs did not file an amended complaint as ordered. Instead, two weeks after the deadline set by the District Court, Plaintiffs filed a supplemental petition purporting to amend their Title IX claim. (Docket Entry 23.) Defendant moved to strike the petition as untimely filed (Docket Entry 24), and, on October 6, 2023, Plaintiffs moved for leave after the fact to file the supplemental petition, indicating that the untimeliness was due to counsel's mistake. (Docket Entry 25, at 2.)

On December 14, 2023, the undersigned held a hearing on the parties' cross motions, granting the motion to strike and denying the motion for leave to file the supplemental motion without prejudice. (*See* Docket Entry 28.) The undersigned issued a written order memorializing the rulings and requiring Plaintiffs to file a motion for leave to file an amended complaint by January 12, 2024. (Docket Entry 29, at 1.)

On January 12, 2024, Plaintiffs filed an amended complaint, but without first seeking leave to file it—contrary to the undersigned's order. (Docket Entry 30.) On February 12, 2024, Defendant filed a motion to strike this pleading as well, stressing that Plaintiffs had once again failed to comply with the Court orders. (Docket Entry 31.)

Plaintiffs' response to Defendant's second motion to strike was due on February 26, 2024, but none was forthcoming. The undersigned then set the motion for a hearing, and ordered Plaintiffs to respond to the motion by March 7, 2024. (Docket Entry 32.) Plaintiffs were specifically admonished that if they failed to respond, Defendant's motion to strike "may be granted as unopposed." (*Id.* at 2.) Despite this warning, Plaintiffs still did not respond.

In light of Plaintiffs' failure to respond as ordered, the undersigned granted Defendant's motion to strike as unopposed. (Docket Entry 33.) Noting that it was the third time (in a row) that Plaintiffs had failed to comply with a court orders, the Order required further required that Plaintiffs show cause why their case should not be dismissed for failure to follow the orders of the Court. (*Id.* at 3. (citing FED. R. CIV P. 41(b)).

Plaintiffs responded by filing an Answer to Show Cause and Motion for Leave to File Amended Petition. (Docket Entry 34.) In the "show cause" portion of their filing, Plaintiffs offered no explanation whatsoever for their failure to respond to the motion to strike, even after being ordered to do so. As to the failure to seek leave to amend their pleading, Plaintiffs stated that their counsel was "confused" by the undersigned's instruction to seek leave at the December 14, 2023, "because the Court did not rule on the Motion for Leave already filed on October 6th, and the Motion is still not ruled upon." (Docket Entry 34, at 2.) Regarding their request to amend the complaint after the ordered deadline, Plaintiffs cited the good-cause standard of Federal Rule of Civil Procedure 16(b)(4) and asserted that "Plaintiff[s] ha[ve] good cause both in the reasoning behind the Motion for Leave and in fairness to the family that has waited years for a determination if they will get their day in Court with the school that was indifferent to their suffering." (*Id.*)

Defendant responded in opposition to the motion for leave to file an amended petition. (Docket Entry 35.) It agreed that Rule 16(b)(4) was applicable to Plaintiffs' motion, but argued that Plaintiffs could not meet the requirements of the rule, because, among other things, they failed to provide an adequate explanation for their noncompliance with the previous order, and their amended pleading still failed to allege a Title IX claim. (*Id.* at 2–16.) Plaintiffs did not file a reply.

5

**III.    Analysis.**

The parties agree that Federal Rule of Civil Procedure 16(b)(4) provides the appropriate standard for deciding Plaintiffs' motion.  The rule provides that an ordered deadline "may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4).  "The good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *S&W Enters., L.L.C. v. S. Tr. Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003); (quoting 6A CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 1522.1 (2d ed. 1990)); *accord Marathon Fin. Ins., Inc., RRG v. Ford Motor Co.*, 591 F.3d 458, 470 (5th Cir. 2009).

In making the good cause determination, courts consider four factors: (1) the explanation for the failure to timely comply with the scheduling order; (2) the importance of the modification; (3) potential prejudice in allowing the modification; and (4) the availability of a continuance to cure such prejudice.  *Springboards To Educ., Inc. v. Hous. Indep. Sch. Dist.*, 912 F.3d 805, 819 (5th Cir. 2019).  The court considers the four factors holistically and "does not mechanically count the number of factors that favor each side." *EEOC v. Serv. Temps, Inc.*, No. 3:08-CV-1552, 2009 WL 3294863, at *3 (N.D. Tex. Oct. 13, 2009), *aff'd*, 679 F.3d 323 (5th Cir. 2012).  Ultimately, whether a party has shown good cause is an issue committed to the Court's "sound discretion." *S&W Enters., L.L.C.*, 315 F.3d at 537.

In this case, all four factors weigh against Plaintiffs.

**A.  *Plaintiffs' Explanation.***

Under Rule 16(b)(4), "[t]he most important factor bearing on the 'good cause' inquiry . . . is whether the party seeking to modify the scheduling order can show that it has been diligent in pressing its claims but despite its diligence could not reasonably have met the scheduling

6

deadline." *League of United Latin Am. Citizens v. Abbott*, No. EP-21-CV-00259-DCG-JES-JVB, 2024 WL 3093489, at *2 (W.D. Tex. June 21, 2024) (citation omitted); *see also Elvir v. Trinity Marine Prod., Inc.*, 327 F.R.D. 532, 550 (M.D. La. 2018) ("[T]he lack of explanation for the delay . . . is the most important factor.") (citation omitted), *aff'd*, No. CV 16-814-SDD-EWD, 2018 WL 4628320 (M.D. La. Sept. 27, 2018); *Drummond v. Cajun Valve Servs., LLC*, No. 2:20-CV-37-TBM-MTP, 2022 WL 1479954, at *3 (S.D. Miss. May 10, 2022) ("[T]he justification for the delay . . . [i]s the 'most important factor.'") (collecting cases). On this factor, the record weighs heavily against Plaintiffs.

Plaintiffs assert that their counsel was "confused" by the undersigned's instruction to file a motion for leave to amend their complaint "because the Court did not rule on the Motion for Leave already filed on October 6th, and the Motion [wa]s still not ruled upon." (Docket Entry 34, at 2.) This assertion is plainly incorrect. As the Court's written order states on its first page: "Plaintiffs' Motion for Leave to File Supplemental Brief of Title IX Issues (3) Based on Sex, and (4) Severity (Docket Entry 25) is **DENIED WITHOUT PREJUDICE**." (Docket Entry 29, at 1 (emphasis in original).) On that same page, the Order instructs Plaintiffs, "**[o]n or before January 12, 2024**," to "file a motion for leave to file an amended complaint, with a proposed amended complaint attached as an exhibit." (*Id.* (emphasis in original).) Thus, even if there were some reason for "confusion" after the undersigned's oral ruling, there could be no basis for such confusion after the written order was filed.

Under Rule 16(b), "merely proffering an explanation is not enough." *Banks v. Spence*, 105 F.4th 798, 800 (5th Cir. 2024). The explanation "has to be 'adequate,' and an 'adequate' explanation is something more than 'inadvertence.'" *Id.* (citation omitted). Indeed, "a party's failure to meet a deadline due to mere inadvertence is tantamount to no explanation at all."

7

*STMicroelectronics, Inc. v. Motorola, Inc.*, 307 F. Supp. 2d 845, 850 (E.D. Tex. 2004) (quotation omitted). Here, Plaintiffs' explanation for their failure to comply with the Court's order is plainly inadequate; "mere inadvertence" is putting it charitably.[2] Plaintiffs' failure to comply with the prior deadline therefore "strongly militates against allowing . . . leave to amend." *Brinkley v. Timco Logistics Sys. LLC*, No. 3:22-CV-00098, 2023 WL 2586307, at *2 (S.D. Tex. Mar. 21, 2023) (denying leave to raise an affirmative FLSA defense "approximately seven months after the deadline [for seeking leave to amend] expired"); *see also Malhotra v. State Farm Lloyds*, No. 5:23-CV-780-JKP (W.D. Tex. July 29, 2024) (denying untimely *Daubert* motion where movant's only explanation for the untimeliness was "inadverten[ce] . . . because of a . . . calendaring error"). And as Fifth Circuit made clear in *Banks*, failure to provide an adequate explanation, by itself, is a sufficient basis to deny a requested extension under the abuse-of-discretion standard applicable to Rule 16(b)(4) determinations. 105 F.4th at 800.

B. *Importance.*

Plaintiffs additionally contend that leave to amend the complaint should be granted because it is "important for this cause to be heard on the merits and not a procedural mistake," and denying leave to amend "would deny the claim altogether" and cost "Plaintiffs years of time . . . and . . . money that they do not have." (Docket Entry 34, at 3.) These contentions speak to Rule 16(b)(4)'s requirement that the Court consider the importance of the requested deadline modification. *Springboards To Educ., Inc.*, 912 F.3d at 819.[3] Allowing the amended pleading would be

---

[2] The undersigned notes that Plaintiffs have repeatedly failed to comply with deadlines set by the undersigned and the District Court, and that they still have offered no reason as to why they failed to comply with the order that they respond to Defendant's February 12, 2024, motion to strike—despite being expressly ordered to provide an explanation, on pain of dismissal. (*See* Docket Entry 33.)

[3] In making these latter arguments, Plaintiffs cite to the liberal, pleading-amendment standard of Federal Rule of Civil Procedure 15(a). (*See* Docket Entry 34, at 3.) But Fifth Circuit

important, however, only if the amended pleading sufficiently stated a cause of action under Title IX; if not, the amendment would be futile, as would any request for an extension of time to seek leave to file it.

Defendant contends that allowing the amendment would be futile. It argues that, even as amended, Plaintiffs' does not meet the undersigned's requirement (adopted by the District Court) that Plaintiffs plausibly state that the alleged harassment in this case was based on the victim's sex. (Docket Entry 34, at 9–10; *see* Docket Entry 21, at 6.)[4] Because Plaintiffs did not reply, they have not responded to this argument directly—at best, the Court can infer Plaintiffs' likely response from their stricken amended complaint, which contained legal argument as to the issue. (*See* Docket Entry 30, at 10–12.) Even considering the stricken complaint, however, Plaintiffs' position would fail.

In support of the argument that the alleged harassment in this case—an eight-year-old female special education student wiping a four-year-old girl's anus without her consent after demanding that she defecate—was inferably sexual in nature, Plaintiffs' amended complaint cited four cases: *Davis v. Monroe Cnty. Bd. Of Educ.*, 526 U.S. 629 (1999), *Frazier v. Fairhaven Sch. Comm.*, 276 F.3d 52 (1st Cir. 2002), *Sanches v. Carrollton-Farmers Branch Indep. Sch. Dist.*, 647 F.3d 156 (5th Cir. 2011), and *Doe v. Fairfax Cnty. Sch. Bd.*, 1 F.4th 257 (4th Cir. 2021). None of these cases support the inference.

---

precedent is clear that Rule 16(b), not Rule 15(a), "governs amendment of pleadings after a scheduling order deadline has expired." *S&W Enters., L.L.C.*, 315 F.3d at 536 (5th Cir. 2003); *see also T.O. v. Fort Bend Indep. Sch. Dist.,* 2 F.4th 407, 418 (5th Cir. 2021) (same). Only upon the movant's demonstration of good cause to modify the scheduling order does the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave.

[4] Defendant also contests the other elements of a Title IX claim, but if the Court adopts the conclusions in this Report and Recommendation then it need not address Defendant's other arguments.

*Davis* and *Doe v. Fairfax Cty.* both involve conduct that was clearly sexual in nature. In *Davis*, the minor's fifth-grade classmate engaged in months-long harassment, during which he attempted to touch the minor's breasts and genital area, made vulgar statements such as "I want to get in bed with you'" and "I want to feel your boobs," placed a door stop in his pants and proceeded to act in a sexually suggestive manner toward her, and rubbed his body against her in the school hallway in what she considered a sexually suggestive manner. 526 U.S. at 633–34. In *Doe*, an older male student repeatedly touched another student's breasts and genitals and penetrated her vagina with his fingers despite her efforts to physically block him; he also repeatedly put her hand on his penis despite her resistance. 1 F.4th at 261. Nothing like this is presented here.

*Sanches* and *Frazier* do even less to help Plaintiffs' cause: in those cases, the appellate courts found that the conduct involved was *not* based on sex. *Sanches*, 647 F.3d at 165–66; *Frazier*, 276 F.3d at 65–66. On its facts, only *Frazier* can be considered similar to the case at bar; there, a female high school student alleged that the school's discipline matron peered through a crack between door and wall into bathroom stall where the student was relieving herself. The court found, however, that nothing in the complaint suggested that the matron's behavior constituted discrimination on the basis of sex, and that gender-based discrimination could not "fairly be inferred from the circumstances limned in the amended complaint." 276 F.3d at 66.[5]

---

[5] Plaintiffs point out that their amended complaint includes allegations that, on other occasions, the special education student had masturbated in class. (Docket Entry 30.) As the undersigned explained in its previous Repot and Recommendation, such conduct is inferably sexual, but it did not involve the minor Plaintiff in this case, and it could not support an inference that the wiping incident in this instance was anything other than scatological in nature. (*See* Docket Entry 21, at 6.) Plaintiffs did not object to this conclusion, and the District Court adopted it. (Docket Entry 22.)

As Plaintiffs have failed to state a plausible claim in their untimely amended complaint that the alleged harassment in this case was based on sex, they have failed to show that permitting the untimely amendment meets the "importance" factor under Rule 16(b)(4).

### C. *Remaining Factors*.

As noted above. The remaining factors to consider under Rule 16(b)(4) are the potential prejudice to Defendant in allowing the proposed out-of-time amendment, and the availability of a continuance to cure such prejudice. *Springboards To Educ., Inc.* 912 F.3d at 819. The discussion of the first two factors above largely resolves the analysis of the two remaining factors. If Plaintiffs have failed to state a Title IX claim in their amended complaint, then the prejudice of going forward is clear; Defendant would have to defend itself through discovery and motion practice despite Plaintiffs' having failed to state a plausible claim for relief. Moreover, a continuance will not cure such prejudice; this case has already been pending for years without Plaintiffs having ever stated a plausible claim for relief, despite having been given numerous opportunities to do so.

For all these reasons, Plaintiffs have not shown good cause to yet again extend their deadline to file a proper motion for leave to amend their complaint. As the Fifth Circuit as stated, "at some point, a court must decide that a plaintiff has had fair opportunity to make his case; if, after that time, a cause of action has not been established, the court should finally dismiss the suit." *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003) (citation omitted). Plaintiffs' case should therefore be dismissed with prejudice, in accordance with the Court's August 27, 2023, Order. (Docket Entry 22, at 2.)

**IV.     Conclusion and Recommendation.**

Based on the foregoing, I recommend that Plaintiffs' Answer to Show Cause and Motion for Leave to File Amended Petition (Docket Entry 34) be **DENIED**, and that Plaintiffs' case be **DISMISSED WITH PREJUDICE**.

**V.      Instructions for Service and Notice of Right to Object.**

The United States District Clerk shall serve a copy of this Report and Recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the Clerk of Court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested.

Written objections to this Report and Recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  The parties shall file their objections, if any, with the Clerk of the Court and serve them on all other parties.  An objecting party must specifically identify those findings, conclusions, or recommendations to which objections are being made and the basis for such objections; "[f]rivolous, conclusory, or general objections can be ignored."  *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.  *Acuña v. Brown & Root, Inc.*, 200 F.3d 335, 340 (5th Cir. 2000); *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985).  Additionally, failure to file timely written objections to the proposed findings, conclusions, and recommendations contained in this report shall bar the aggrieved party—except upon grounds of plain error—from attacking on appeal the unobjected-to proposed

factual findings and legal conclusions accepted by the district court.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

**SIGNED** on August 6, 2024.

_____
Henry J. Bemporad
United States Magistrate Judge